NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  09-2589

MARCO NEAD,
                    Appellant

v.

UNION COUNTY EDUCATIONAL
SERVICES COMMISSION

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-07-cv-01091)
District Judge: Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2010

Before: SCIRICA, Chief Judge, AMBRO, Circuit Judge and JONES[*], District Judge

(Opinion filed: May 4, 2010)

OPINION

AMBRO, Circuit Judge
        Marco Nead appeals the District Court's grant of summary judgment in favor of

_____

        [*]The Honorable John E. Jones, III, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

his former employer, Union County Educational Services Commission ("UCESC"), on his claims under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and failure to protect under the Fourteenth Amendment. We affirm.[1]

I.

UCESC is a specialized school district for students with disabilities and behavioral challenges. Nead was employed by UCESC as a physical education teacher from 1992 through 2006. After spending his first year at Hillcrest High School, he moved to Beadleston High School, a school for students with emotional and behavioral problems, where he spent the remainder of his career.

While at Beadleston, Nead protested student violence and drug use, cigarette breaks for students, the school's inadequate discipline policy, and the Board of Education's inattention to school problems. As a representative for the local bargaining unit of educators, he spoke out on behalf of his co-workers regarding school safety and security. According to Nead, he was assaulted by students on several occasions.

In 2005, Nead was diagnosed with cancer. Because of his health problems, the school granted his request for an aide. In March 2006, UCESC referred a report that Nead kicked a student to the Division of Youth and Family Services, which determined the allegation to be unfounded. Shortly after this incident, Nead applied for and received

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

permanent disability based on his cancer.

Nead filed this complaint in March 2007. The District Court granted summary judgment in UCESC's favor, and Nead timely appealed.

## II.

We review a grant of summary judgment *de novo*, using the same standards as the District Court. *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007). We view the facts in the light most favorable to the non-moving party. *Id.* A party is entitled to summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

## III.

Nead argues that the District Court erred in granting summary judgment on his First Amendment retaliation claim and his Fourteenth Amendment failure-to-protect claim. We address each claim in turn.

A.      First Amendment Retaliation

We follow a three-step burden-shifting analysis when examining a public employee's § 1983 claim of retaliation for engaging in activity protected under the First Amendment. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). "First, the employee must show that the activity is in fact protected. Second, the employee must

show that the protected activity 'was a substantial factor in the alleged retaliatory action.' Third, the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct." *Id.* (citations omitted). The test for determining whether an alleged act of retaliation is sufficient to give rise to a retaliation claim is whether it would be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (internal quotation marks and citation omitted). "[C]ourts have required that the nature of the retaliatory acts committed by a public employer be more than *de minimis* or trivial, . . . [and] have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands." *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (internal quotation marks and citations omitted).

As did the District Court, we will assume without deciding that Nead engaged in protected activity. We agree with the Court that most of the allegedly retaliatory acts are trivial. (*See, e.g.*, Appellant's Br. 19 (alleging that the school principal retaliated against him "by intermittently giving him dirty looks and refusing to speak to him through the end of the year" and "failing to order his school supplies").) Other acts alleged by Nead are unsupported by the record. For example, he claims that UCESC failed to provide a reasonable accommodation for his disability by denying his request for a

4

paraprofessional, yet he admits the school provided him an aide in September 2005, and that when this aide left the District's employment a new aide was assigned to him within two months. (App. at 499.)

For the remaining acts, Nead cannot establish a case of retaliation because he did not show a causal link between his allegedly protected conduct and the retaliatory acts. For instance, Nead claims the school retaliated against him by reporting a student's abuse allegation, but the school was required by law to report it. *See* N.J. Stat. Ann. § 9:6-8.10. (As noted, the agency concluded the abuse allegation was unfounded and Nead was not disciplined. App. at 159–60.) Similarly, Nead alleges the school retaliated against him by increasing the number of classes he was required to teach, but he admits this was permitted by his collective bargaining agreement, and that he was the only certified physical education teacher at the school. Therefore, summary judgment was appropriate.[2]

---

[2] Moreover, Nead does not identify any policy or custom of UCESC on which § 1983 liability could be premised. *See A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 580 (3d Cir. 2004) ("A governmental entity . . . cannot be liable under a theory of respondeat superior or vicarious liability. Rather, in order for a governmental entity . . . to be liable for the violation of a constitutional right under § 1983, the plaintiff must identify a policy or custom of the entity that caused the constitutional violation.") (citations omitted)). However, as UCESC did not advance this argument before the District Court, we will not rule on this ground. *See Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal.").

B.     Fourteenth Amendment Due Process

Nead argues that UCESC affirmatively placed him in danger by accepting students into the school (despite its mission statement that the program was geared primarily to emotionally disturbed children) with conduct disorders, and failing to discipline those students appropriately.

Generally, due process of law under the Fourteenth Amendment does not create an affirmative obligation for the Government to protect private individuals from other private individuals. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("[A] state's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). There are two exceptions to this rule: the "special relationship" exception and the "state-created danger" exception. The "state-created danger" exception, on which Nead appears to rely, allows for liability when the state affirmatively caused the harm or made the victim more vulnerable to an existing harm.[3]

As an initial matter, the District Court entered summary judgment on the due process claim without providing Nead an opportunity to respond to UCESC's argument. While the proposed order UCESC submitted in conjunction with its summary judgment motion sought dismissal of Nead's complaint "in its entirety," App. at 53, and its

_____

[3] Nead complains that the District Court improperly "presumed" that Nead is asserting a state-created danger theory, but provides no argument that the special relationship theory could apply.

6

Statement of Material Facts requested summary judgment "on all of Plaintiff's claims," App. at 57, UCESC failed to provide any argument in its opening summary judgment brief on the due process claim. Instead, it first raised this argument to the District Court in its summary judgment reply brief. Because of this, Nead was unable to defend the claim in his opposition brief.

On appeal, Nead argues that the Court erred by failing to give him notice that it was considering ruling on the due process claim despite UCESC's failure to raise it in the opening brief. However, any procedural error by the Court in granting summary judgment on this claim was harmless because Nead's due process claim fails, even assuming his allegations are true. *See Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 224 (3d Cir. 2009) ("[I]f upon exercising plenary review . . . we would affirm the District Court's order to the extent that it granted summary judgment against appellant on its counterclaim even considering all of the materials with which appellant seeks to supplement the record and has placed in the appendix, then the procedure in the District Court could not have been prejudicial to appellant."); *see also Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987).

To establish a claim for state-created danger liability, a plaintiff must establish, *inter alia*, that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the

state not acted at all." *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006); *see also Rivas v. City of Passaic*, 365 F.3d 181, 194 (3d Cir. 2004) (describing this element as requiring that "the state actor used his authority to create an opportunity for danger that otherwise would not have existed"). The Due Process Clause does not require the state to protect individuals from private violence. Nead argues that the school should not have accepted conduct-disorder students and that the school administration did not follow its discipline policies or do enough to protect him from dangerous students. Any harm to Nead, though, came solely through the acts of private parties (the students) "without the level of intermingling of state conduct with private violence that [would] support[] liability." *D.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1375 (3d Cir. 1992) (*en banc*). As in *DeShaney*, "[t]he most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them." *DeShaney*, 489 U.S. at 203. This, the Supreme Court has held, is not danger created by the state, and thus Nead's claim fails.

* * * * *

Based on the foregoing, we affirm the judgment of the District Court.